*United States ex rel. Leonard A. Pelullo et al. v. AIG et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand eighteen.

PRESENT:    REENA RAGGI,
            PETER W. HALL,
            RICHARD J. SULLIVAN,
                        *Circuit Judges*.

_____

United States ex rel. Leonard A. Pelullo,
State of New York ex rel. Leonard A. Pelullo,

            *Plaintiffs-Appellants*,

            v.                                          No. 17-2837

American International Group, Inc., Starr
International Company, Inc., C.V. Starr & Co., Inc.,
Maurice R. Hank Greenberg, Howard I. Smith, Mel Harris,

            *Defendants-Appellees*.*

_____

For Appellant:                    JOSEPH T. ADRAGNA, Huntington, NY

_____

*  The Clerk of Court is respectfully requested to amend the caption as listed above.

For Appellee American International
Group, Inc.:

LORI L. PINES (Robert F. Carangelo, Robert S. Ruff, *on the brief*), Weil, Gotshal & Manges LLP, New York, NY, Nicholas Klenow, Selendy & Gay PLLC, New York, NY

For Appellees Starr International Company, Inc., C.V. Starr & Co., Inc., Maurice R. Hank Greenberg, Howard Smith:

R. RYAN STOLL (John Gardiner, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY

For Appellee Mel Harris:

JASON A. KOLBE (Matthew Dontzin, Tibor L. Nagy, David A. Fleissig, *on the brief*), Dontzin Nagy & Fleissig LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Leonard A. Pelullo appeals the dismissal of this *qui tam* action against Defendants-Appellees American International Group, Inc. ("AIG"), Star International Company, Inc. ("SICO"), C.V. Starr & Co., Inc., Maurice "Hank" Greenberg, Howard Smith, and Mel Harris under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, the New York False Claims Act ("NYFCA"), N.Y. State Fin. Law § 187 *et seq.*, and federal securities laws. Pelullo's lengthy Second Amended Complaint ("SAC") alleges that AIG facilitated the activities of organized crime families (i.e., the "Mafia") for over 25 years with the aid and approval of Greenberg, AIG's former Chairman and CEO, and that Defendants-Appellees concealed crimes that they committed from the public, government regulators, and law enforcement, causing "billions of dollars in false claims." App. 15 (SAC ¶ 12). Pelullo specifically challenges the dismissal of several of his

2

claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and on statute of limitations grounds.[1]   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a grant of a motion to dismiss pursuant to Rule 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor."  *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc*., 898 F.3d 232, 236 (2d Cir. 2018) (internal quotation marks omitted).   Dismissal is proper if the complaint "does not plead 'enough facts to state a claim to relief that is plausible on its face.'"   *Brown v. Daikin Am. Inc*., 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Facial plausibility" means the plaintiff has alleged "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   We also apply Fed. R. Civ P. 9(b)'s heightened pleading standard to claims brought under the FCA.   *United States ex rel. Ladas v. Exelis, Inc*., 824 F.3d 16, 26 (2d Cir. 2016).   The NYFCA mirrors the federal FCA, and New York courts look to federal law to interpret the state statute.   *See State of New York ex rel. Seiden v. Utica First Ins. Co.*, 96 A.D.3d 67, 71, 943 N.Y.S.2d 36, 39 (1st Dep't 2012).

The SAC, which attempts to tie sweeping allegations of misconduct involving, *inter alia*, AIG's putative fraudulent underwriting of insurance to Mafia-controlled entities, payment of illegal commissions, and manipulation of books and records to events and transactions occurring decades later, does not plausibly suggest that AIG or any of its co-Defendants presented "a false

---

[1]  The SAC alleges eleven Counts and Pelullo acknowledges that he is not appealing the dismissal of Counts I, VI, VII, VIII and IX.   This summary order therefore addresses only the remaining Counts—*i.e*., Counts II, III, IV, V, X and XI.

3

or fraudulent claim for payment or approval" within the meaning of the FCA or the NYFCA. 31 U.S.C. § 3729(1)(A); N.Y. State Fin. Law § 189(1)(a). Nor do the SAC's wildly speculative contentions – that, had the government known of AIG's varied wrongdoing and misrepresentations, it would not have entered into the 2006 settlement agreement between AIG, the Department of Justice, the Securities and Exchange Commission, the New York Attorney General, and the New York State Department of Insurance, *see, e.g.*, App. 60 (SAC ¶ 165), or undertaken its bailout of AIG following the 2008 financial crisis, App. 62 (SAC ¶ 169) – allege a "false record or statement" with particularity, let alone one that is "material to a false or fraudulent claim," 31 U.S.C. § 3729(a)(1)(B), or "material to an obligation to pay or transmit money or property to the Government, *id.* § 3729(a)(1)(G). *See Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 2002–03 (2016) ("a misrepresentation . . . must be material to the Government's payment decision in order to be actionable under the [FCA]"; "materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation." (internal quotation marks and brackets omitted)). Dismissal was therefore proper as to Counts II and III.

Pelullo cites no authority for the proposition that the lawsuits filed by Defendants-Appellees Greenberg and SICO against the New York Federal Reserve Bank and the U.S. government are somehow actionable as false claims, and dismissal was appropriate as to Counts IV and V as well.[2] And even assuming *arguendo* that Pelullo has not abandoned his challenge to the dismissal of Counts X and XI under the NYFCA, as Appellees contend, these claims merely

---

[2] The FCA, moreover, expressly bars actions "based upon allegations or transactions which are the subject of a civil suit . . . in which the Government is already a party." 31 U.S.C. § 3730(e)(3).

4

allege in conclusory form that AIG, Greenberg, and Smith filed fraudulent financial statements with state agencies that concealed decades-old misconduct and likewise fail to state a claim upon which relief may be granted.

We have considered Appellant's remaining arguments and find them to be without merit. Since oral argument, Appellant has filed two motions: (1) to file a supplemental appendix comprised of a declaration Appellant submitted in connection with the district court proceedings; and (2) to clarify certain statements made by counsel during oral argument before this Court. We hereby **GRANT** both motions and conclude that the additional information furnished by Appellant does not alter the disposition of this appeal. Because we hold that the district court properly dismissed the SAC for failure to state a claim, we do not reach the alternate statute of limitations arguments advanced by the parties. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5